557 A.2d 67

Sarah Montigney, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Submitted on briefs January 11, 1989, to Judges PALLADINO and SMITH, and Senior Judge KALISH, sitting as a panel of three.

*Sarah Montigney,* petitioner, for herself.

*Jeffrey P. Schmoyer,* Assistant Counsel, for respondent.

OPINION BY SENIOR JUDGE KALISH, April 19, 1989:

Sarah Montigney (petitioner) petitions for review of a determination of the Department of Public Welfare (DPW) which concluded that petitioner was ineligible for food stamp benefits for a period of six months. We affirm.

Petitioner pled guilty in the Court of Common Pleas of Luzerne County to charges of making false statements to DPW. On the basis of the guilty plea and sentencing order, the Luzerne County Assistance Office disqualified petitioner from receiving food stamps for a six month period, May 1, 1988, through November 1, 1988.

Petitioner requested a hearing, which was held on June 27, 1988. The hearing officer concluded that DPW improperly disqualified petitioner from receiving food stamps on the basis that DPW's actions were contrary to the trial court's sentencing order, which was silent on the disqualification issue.

The Office of Hearings and Appeals reversed the hearing officer, concluding that the silence of the court order did not render DPW's disqualification action contrary to the court order. Petitioner's request for reconsideration was granted on August 12, 1988, and on August 25, 1988, the Office of Hearings and Appeals affirmed the denial of benefits. Petitioner now appeals to this court.[1]

Our scope of review is limited to determining whether petitioner's constitutional rights have been violated, an error of law exists, or necessary findings are supported by substantial evidence. *Colonial Manor Personal Care Boarding Home v. Department of Public Welfare,* 121 Pa. Commonwealth Ct. 506, 551 A.2d 347 (1988).

---

[1] There is some dispute in the proceedings below as to appealability of DPW's actions. This court has jurisdiction as this appeal concerns DPW's disqualification, rather than an appeal of the trial court's sentencing order.

DPW is required to impose a disqualification period unless contrary to the trial court's sentencing order, as mandated by 7 C.F.R. §273.16(g)(2)(i) (1988). In accordance with 55 Pa. Code §273.4(h)(2), DPW must impose a six month disqualification for individuals found guilty of fraud, unless contrary to the trial court's order.

Because the trial court's sentencing order is silent on the issue of disqualification, petitioner asserts that DPW's action was contrary to the court's order, and therefore, DPW improperly disqualified petitioner. Moreover, petitioner contacted the trial court judge, and received a letter in response stating it was not his intention to impose a disqualification. Petitioner claims that the judge's letter establishes that no disqualification should have been imposed by DPW.

DPW's action was not rendered contrary by the silence of the sentencing order. The judge's *ex parte* communication with the petitioner is insufficient to preclude DPW's authority to disqualify petitioner, as mandated by both the Code of Federal Regulations and the Pennsylvania Code. Further, the trial court judge did not subsequently amend the sentencing order to reflect any intentions concerning disqualification.

Accordingly, we affirm.

### ORDER

NOW, April 19, 1989, the order of the Department of Public Welfare, at No. 40-0116515, is affirmed.